# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:19-cr-00276

JYMERE ALAN PRATT,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On February 3, 2020, during a hearing before this Court, the Defendant made a motion to dismiss, on the record, alleging a violation of the Interstate Agreement on Detainers (IAD) "anti-shuttling" provision, contained within 18 U.S.C. App. 2, § 2, Art. IV (e). The Court has reviewed the *Defendant's Motion to Dismiss Indictment with Prejudice for Violation of the Interstate Agreement on Detainers* (Document 30), the *Brief of the United States in Response to Defendant's Motion to Dismiss* (Document 29), and the attendant exhibits.

On October 30, 2019, a single-count indictment was filed, charging the Defendant with the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Pursuant to this indictment, a bench warrant was issued for arrest and the Defendant was detained at South Central Regional Jail. At that time, the Defendant was also facing felony charges in Kanawha County Circuit Court. (Case 19-F-221.) The United States lodged a detainer against the Defendant at South Central Regional Jail, which referenced the fact that the Defendant was in state custody as an unsentenced prisoner at the time.

On January 8, 2020, the Defendant was sentenced in Kanawha County Circuit Court, before Judge Charles E. King, Jr., to a determinate sentence of five years pursuant to one felony conviction and an indeterminate sentence of not less than one nor more than five years on another felony conviction, with sentences to run concurrently. The staff at South Central Regional Jail failed to notify the United States as soon as the Defendant was sentenced on state charges.

On January 10, 2020, the United States applied for a writ of *ad prosequendem* for the Defendant to appear in federal court for this case. On January 16, 2020, the Defendant entered his initial appearance, and a detention hearing and arraignment were held on the federal charge. Waiver of the "anti-shuttling" provision was discussed during those proceedings, and the Defendant elected to remain in federal custody.

This Court scheduled a guilty plea hearing for January 31, 2020. However, on the eve of the scheduled guilty plea hearing, the Defendant was moved by staff members of Salem Correctional Center to their facility in Harrison County, West Virginia, to begin serving his state sentence. Salem Correctional Center is a West Virginia Division of Corrections facility. Upon learning of this transfer, the Marshals Service promptly brought the Defendant back into federal custody by the end of the day on January 31, 2020. The Court rescheduled the plea hearing for February 3, 2020. During the hearing, the Defendant made a motion for dismissal pursuant to a violation of the "anti-shuttling" provision of the IAD.

The Interstate Agreement on Detainers Act (IAD) is designed to promote the "expeditious and orderly" disposition of outstanding charges and govern the proper status of all detainers. *United States v. Mauro*, 436 U.S. 340, 343 (1978). The "anti-shuttling" provision of the IAD places a limitation on the prosecuting authority such that the receiving state must try the prisoner

on the outstanding charge before the prisoner is returned to the sending state. 18 U.S.C. App. 2., § 2, Art. IV (e); *Mauro*, 436 U.S. at 352. If the prisoner is returned to the original place of imprisonment prior to the conclusion of the charges pending in the receiving state, then the indictment shall be dismissed with prejudice. *Id.* There is not a *de minimis* or harmless error exception to the "anti-shuttling" provision. *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001).

However, if the receiving state is the United States, then a court may determine whether to dismiss the indictment with or without prejudice through consideration of the following factors: (1) "the seriousness of the offense"; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of reprosecution on the administration of the agreement on detainers and on the administration of justice." 18 U.S.C. App. 2, § 9(1). The decision of whether to dismiss the indictment with or without prejudice "is committed to the trial court's discretion twice over." *United States v. Peterson*, 945 F.3d 144, 151 (4th Cir. 2019).

The Defendant argues that when he was transported from South Central Regional Jail to Salem Correctional Center prior to the guilty plea hearing, the "anti-shuttling" provision of the IAD was violated. The United States concedes that the "anti-shuttling" provision of the IAD was violated when the Defendant was transported to a state correctional facility to begin serving his state sentence prior to the resolution of this federal case by trial or guilty plea. Based on the factors set forth in 18 U.S.C. App. 2, § 2, Art. IV(e), however, the United States argues that the indictment should be dismissed without prejudice.

Since both parties agree that the indictment warrants dismissal under the "anti-shuttling" provision of the IAD, the Court will only consider the factors set forth in 18 U.S.C. App. 2, § 2, Art. IV(e) to determine whether the indictment should be dismissed with or without prejudice.

*A. The Seriousness of the Offense*

The Defendant has been charged with being a felon in possession of a firearm, which carries a maximum sentence of ten years in prison. 18 U.S.C. § 924(c). It is alleged that at the time of the possession, the Defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year. The Defendant argues that the offense is not serious because there is no evidence in this case that the firearm was used in a violent manner or possessed in connection with drugs. With respect to the seriousness of the offense, the United States argues that the instant offense was committed while the Defendant was on probation for an inherently violent felony offense, which weighs in favor of dismissal without prejudice. The Court finds that the parties' arguments should be weighed together with the other two factors.

*B. The Facts and Circumstances of the Case*

In considering the facts and circumstances of the case, courts consider improper motives, whether a pattern of violations exists, or whether there is bad faith on the part of the government. *United States v. Gouse*, 798 F.3d 39, 44 (4th Cir. 2015) (noting that clerical or administrative mistakes support "without prejudice" dismissal); *United States v. Macomber*, 717 F.3d 607, 611 (8th Cir. 2013). The Defendant argues that this prong weighs heavily in favor of dismissal with prejudice because this is the "third time within a two-year span" in which a person in United States custody, facing federal charges in this district, has been removed from South Central Regional Jail to Salem Correctional Center. (Mot. at 7.) The Defendant further argues that the United States Marshals Service failed to file a Form-41 with the South Central Regional Jail in this case, which appears to have been the issue in at least one other instance of improper removal to state custody in this district.

4

The United States argues that this mistake was innocent and not indicative of any bad faith. The United States argues that this was an unintentional clerical error, rather than evidence of a broader pattern of violations, and that the other two instances represent "an extremely small percentage of the total number of inmates who have appeared to face criminal charges in this district pursuant to the IAD." (Resp. at 9.)

The Court finds that the Defendant's removal from South Central Regional Jail to the Salem Correctional Center appears to have been an administrative mistake, rather than an intentional violation of the IAD. The removal appears to have happened because a form was missing from the Defendant's file. As soon as the Marshals Service was made aware of the incident, they promptly returned the Defendant to federal custody such that the Defendant was only in state custody for one day. Additionally, the fact that improper removal to state custody has happened three times in two years is not sufficient to establish a pattern of violations in this district.

C. *Impact of Reprosecution*

The Defendant argues that the unrequested transfers from federal to state custody have prejudiced him by causing temporary uncertainty regarding the proceedings and undue delay. The United States argues that the impact of reprosecution on the Defendant is minimal because he was removed from federal custody for only one day, the Defendant does not have ready access to rehabilitative services, so the Defendant's programming has not been interrupted, and that his right to a speedy trial has not been interfered with because the Defendant was ready to enter a guilty plea on January 31, 2020, and the Court was prepared to proceed with the plea on February 3,

2020. Moreover, the United States argues that the Defendant will be housed within the district and ready for a prompt hearing if a new indictment is issued.

The Court finds that the Defendant will not be prejudiced or unduly burdened by reprosecution. The Defendant was ready to enter a plea of guilty promptly in this case. If the Defendant is reprosecuted, the United States and Defense Counsel should have all information necessary to proceed with the newly issued indictment. As such, the impact of reprosecution will not be significant. Thus, having reviewed the relevant facts in light of the seriousness of the offense, the facts and circumstances of the case and the impact of reprosecution as forth in 18 U.S.C. App. 2, § 2, Art. IV (e), the Court finds that the Indictment should be dismissed without prejudice.

## CONCLUSION

WHEREFORE, after careful consideration, the Court does hereby **ORDER** that the *Defendant's Motion to Dismiss Indictment with Prejudice for Violation of the Interstate Agreement on Detainers* (Document 30) be **DENIED**. The Court further **ORDERS** that the *Indictment* (Documents 1 and 2) in this matter be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal. ENTER: February 7, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA